## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| PATRISHA MILLER, individually and on behalf of similarly situated persons, | Case No. 2:23-cv- |
| | Hon. |
| Plaintiff, | Magistrate Judge |
| v. | |
| SERENITY ASSISTED LIVING, A & M INC. MARY ABUAITA, AND JORDAN ABUAITA, | COMPLAINT FOR CLASS AND COLLECTIVE ACTION RELIEF AND JURY DEMAND |
| Defendant. | |

_____

David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorney for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

_____

## CLASS AND COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

### INTRODUCTION

1. This is a collective action brought on behalf of individuals who are classified by Defendant as caregivers and who perform or have performed caregiver services at the assisted living facilities for Defendants' senior residents.

1

2. Caregivers work in excess of forty hours a week, sometimes over fifty hours in a week. Defendants compensate them using cash for all hours worked over 40 in an attempt to avoid paying them at the required overtime hourly rate of one- and one-half times their normal hourly rate.

3. Defendant Serenity Assisted Living ("Serenity") sometimes reports the first 40 hours on a regular W-2 payroll but pays overtime hours hours in cash at straight time – as if Plaintiff is not an employee.

4. Plaintiff works for Defendant Serenity to provide caregivers for residents at their senior living facility(s).

5. Defendant Serenity is the registered assumed name of Co-Defendant A&M Inc.

6. Defendants control the manner in which these services are performed, and Defendants benefit from the performance of these services. The individuals who perform these services, on whose behalf this collective and class action is brought, are denied the protections of state and federal wage and hour laws.

7. Plaintiff brings claims on behalf of themselves and a collective of similarly situated individuals (the "Caregivers") who have worked as caregivers for Defendants and who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Defendants have violated the FLSA by

administering a uniform policy of failing to pay these individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

## JURISDICTION AND VENUE

8. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

9. Venue is proper in this Court because the events giving rise to this action took place in the district where Defendants do business, maintain a corporate presence, and have substantial contacts.

## PARTIES

10. Plaintiff Patrisha Miller ("Miller") is an adult resident of Mount Morris, Michigan who provided caregiver companionship and assisted living services for residents of the Serenity Assisted Living senior living facility for Defendants in Clio, Michigan from February 2001 until May 22, 2023. Plaintiff Miller consents to this action. *See* Exhibit A.

11. Plaintiffs' job duties consisted of providing companionship services, including transferring patients, bringing them food, dressing them, performing incontinence checks, helping with showering, escorting them, and assisting them with medication.

12. Defendant Serenity is a company having a principal place of business

in Clio, Michigan, out of which it provides caregiver services to senior residents living in their facility.

13. Defendant A&M Inc. is a Michigan for-profit corporation that operated under the assumed name of Serenity Assisted Living.

14. Both Defendants conduct business in eastern Michigan and has its corporate registered office in Clio, Michigan in this District.

15. Mary Abuaita is the Managing Owner of Serenity Assisted Living. Abuaita is the owner and operator of Serenity who executed the payment policies of the workers. At all times mentioned herein, Abuaita was an "employer" of Plaintiff and the putative class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

16. Jordan Abuaita is the Facility Manager at Serenity Assisted Living. Abuaita assisted with executing the payment policies of the workers. At all times mentioned herein, Abuaita was an "employer" of Plaintiff and the putative class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

## **COLLECTIVE DEFINITION**

17. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of similarly situated workers:

> All individuals in the State of Michigan who have provided caregiver services for Defendants, and who Defendants did not pay time-and-one-

half overtime pay for hours worked greater than forty (40) hours per week at any time from the date three years prior to the filing of this action through the date of final judgment (the "Collective").

18. Similarly-situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

19. Plaintiff reserves the right to redefine the Collective prior to notice and certification and thereafter, as necessary.

## CLASS DEFINITIONS

20. Plaintiff brings Count II of this action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the following class of litigants:

> All individuals in the State of Michigan who have provided caregiver services for Defendants, and who Defendants did not pay time-and-one-half overtime pay for hours worked greater than forty (40) hours per week at any time on or after the date three years prior to the filing of this action through the date of final judgment (the "IWOWA Class").

21. Plaintiff brings Count III of this action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the following class of litigants:

> All individuals in the State of Michigan who have provided caregiver services for Defendants Serenity Assisted Living and A&M Inc. and on whose behalf Defendants underreported or misreported regular W-2 wages and filed fraudulent information returns at any point within the six years prior to this action through the date of a final judgment (the "FIR Class").

22. Plaintiff reserves the right to redefine the Classes prior to notice and certification and thereafter, as necessary.

## **GENERAL ALLEGATIONS**

23. Plaintiff and a class and collective of similarly situated individuals (the "Caregivers") work as non-exempt hourly employees paid a set hourly wage for every hour worked.

24. Defendants are in the business of providing caregivers who perform non-skilled companionship and assisted services for seniors in residence at their facility requiring such services.

25. Plaintiff and the Caregivers provided integral services to the business operations of Defendants.

26. Plaintiff and the Caregivers worked for Defendants providing caregiver services for more than 40 hours a week.

27. Plaintiff and the Caregivers were not paid time-and-a-half overtime premium for hours worked more than 40 in a week.

28. Plaintiff and the Caregivers were paid through Defendant Serenity for a 40-hour week on regular W-2 payroll and then Plaintiff and the Caregivers were paid cash for straight hourly pay for all additional work hours over 40 in a workweek.

29. During their employment with Defendants as a caregiver, Plaintiff routinely worked more than 40 hours per week, but they did not receive overtime premium pay.

30. Defendants failed to pay any overtime premium for hours worked over 40 in a workweek.

## COUNT I
## Unpaid Overtime Violation of
## The Fair Labor Standards Act of 1938 ("FLSA")

31. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

32. Defendants are an employer within the coverage of the FLSA, 29 U.S.C. § 203(d).

33. Plaintiff and the Caregivers are employees within the coverage of the FLSA, 29 U.S.C. § 203(d).

34. Defendants are engaged in commerce as defined by the FLSA, 29 U.S.C. § 201 *et seq*.

35. Defendants transact business in excess of $500,000 per year during the time of Plaintiff's employment with Defendants.

36. Defendants were required to compensate Plaintiff and others similarly situated at one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

37. Defendants willfully and knowingly refused to do so.

38. Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing

caregiver services at their regular hourly rate violates the FLSA, 29 U.S.C. §201 *et seq*.

39. The FLSA collective includes individuals that provided caregiver services for either Defendant and who were not paid an overtime premium for hours worked over 40 in a workweek, at any time since the date three years prior to filing this action.

40. Defendants are liable to Plaintiff and collective members for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

**COUNT II**
**Unpaid Overtime**
**Violation of Improved Workforce Opportunity Wage Act ("IWOWA")**
**(Rule 23 IWOWA Class as against all Defendants)**

41. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

42. Plaintiff and similarly situated individuals were/are employed in domestic service employment to provide companionship services as defined in 29 CFR 552.6.

43. Plaintiff and similarly situated individuals are *not* live-in companions within the meaning of 29 CFR 552.102.

44. Defendants are an employer within the coverage of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL 408.931 *et seq.*

8

45. Plaintiff is an employee within the coverage of the IWOWA, MCL 408.931 *et seq.*

46. Defendants are engaged in commerce as defined by IWOWA, MCL 408.931 *et seq*.

47. Defendants were required under the IWOWA to compensate Plaintiff and others similarly situated at one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

48. Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing caregiver services at their regular hourly rate violates the IWOWA, MCL 408.931 *et seq.*

49. Defendants' refusal to pay overtime was knowing and willful.

50. The Rule 23 IWOWA Class includes individuals that provided caregiver services at Defendants' facilities but were not paid an overtime premium for hours worked over 40 in a workweek, at any time since the date three years prior to filing this action.

51. Defendants are liable to Plaintiff and class members for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

## COUNT III
## False Information Return
### (Rule 23 FIR Class against Defendants)

52. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

53. 26 U.S.C. § 7434, provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

54. Defendants engaged in predicate acts, including providing weekly cash payments "off the books" for all hours worked more than 40 in week and under-reporting state and federal wages with "off the book" payments to employees.

55. The impact of the civil conspiracy was to avoid federal and state obligations for employee payroll, FICA, Social Security Contributions, Worker's Compensation Insurance, and other benefits.

56. Defendants falsified W-2 filings with the IRS.

57. The falsified W-2 filed by Defendants makes it appear that employees received less wages than actually received and avoids employer taxes and contributions that otherwise would be due on Plaintiffs' full wages.

58. Defendants conspired amongst each other to avoid overtime pay obligations, federal tax liability, state workers' compensation, and other legally required payments.

59. Defendants did so by using cash payments to make it appear to government authorities as if they were not employing workers more than 40 hours a week.

60. Defendants are liable to Plaintiff and the Rule 23 FIR Class for the greater of $5,000 for each false information return or the sum of (1) actual damages sustained by Plaintiff and the FIR Class Members as a proximate result of the filing of the fraudulent information; (2) the costs of the action; and (3) attorneys' fees.

## JURY DEMAND

Plaintiffs request a trial by jury on her claims.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Permission for individuals who perform home healthcare services for Defendants in any manner, are classified as exempt employees, and have not been paid overtime premium for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2. An Order certifying this action as a class action under Michigan IWOWA and designating Plaintiff as a representative on behalf of all those similarly situated in the IWOWA Class;

3. An Order certifying this action as a class action under 26 U.S.C. § 7434 and designating Plaintiff as a representative on behalf of all those similarly situated in the FIR Class;

4. All damages to which the Named Plaintiff and class and collective members may be entitled;

5. Liquidated and multiple damages as allowed by law;

6. Damages pursuant to 26 U.S.C. § 7434(b) of not less than $5,000 per violation.

7. An injunction ordering Defendants to cease their violations of the law as described here;

8. Attorneys' fees and costs; and

9. All other relief to which Plaintiff is entitled.

        Respectfully submitted,

        /s/ *David M. Blanchard*
        David M. Blanchard (P67190)
        BLANCHARD & WALKER, PLLC
        Attorney for Plaintiff
        221 N. Main Street, Suite 300
        Ann Arbor, MI 48104
        (734) 929-4313
        blanchard@bwlawonline.com

Dated:  September 1, 2023